JARVIS vs. MOHR and another.

In an action under secs. 35–39, chap. 22, General Laws of 1859, by the holder of a tax deed, against the previous owner of the land described in the deed, where the plaintiff, after the filing of an answer accompanied by the deposit required by sec. 38, elects to take the deposit and release his claim to the land, the determination of the question what portion of the costs and disbursements in the action it is "just and reasonable" that the defendant shall pay, is a judicial act, and cannot be performed by the clerk, but only by the court.

APPEAL from the Circuit Court for *Dane* County.

This action was brought under secs. 35–37, ch. 22, Laws of 1859, by the plaintiff as grantee in a tax deed, to bar the rights of the defendants, *Anton Mohr and his wife*, in the land described in said deed. The complaint was drawn in conformity to section 37 of said act. *Anton Mohr* answered alleging various defects in the tax proceedings; and stated in his answer that a deposit had been made with the clerk of said court as required by sec. 38 of said act, and that he was ready to pay such portion of the costs and disbursements in said action as should be adjudged just and reasonable. The plaintiff elected to receive the deposit, and gave said defendant notice of such election, and that at a time specified he would apply to the clerk of said court to adjust the costs of the action, and that upon the payment of the costs so adjudged he would release to said defendant his (plaintiff's) claim to the land mentioned in the complaint. The clerk thereupon taxed the costs for the plaintiff and against said defendant. The defendant obtained an order upon the plaintiff to show cause, before the judge of said court at chambers, why "the decision and determination" of said clerk, and his taxation of the costs in said action, should not be set aside; and, upon a hearing, the judge made an order setting them aside; and at its next regular term said court refused to vacate said last mentioned order; from which decision the plaintiff appealed.

*W. J. Lamb*, for appellant:

Sec. 36, ch. 22, Laws of 1859, allows the plaintiff to make any number of parties defendants who may own separate and distinct tracts conveyed by the same deed; other sections provide that any *one* may settle or make deposit. To determine his share of the costs would certainly be a clerical act. The repealing section of the law is confined in terms to chap. 18, R. S.; and as title to land is the issue, and release of title, by express terms of the act, works a discontinuance or settlement, and payment of costs is the condition of release of title, secs.

41 and 51 of chap. 133, R. S., in any event apply and deter-mine what the costs shall be.

*Welch & Lamb*, for respondents.

*By the Court*, COLE, J.  We think the power attempted to be exercised by the clerk in this instance was in its nature clearly judicial.   The 37th section requires the defendant, among other things, to state in his answer that he " is ready to pay such portion of the costs and disbursements in said action as shall be adjudged just and reasonable ; " and the next sec-tion contemplates an adjustment of the costs upon equitable principles.   This language plainly shows that it was not the intention of the law to have all the costs of the suit absolutely taxed against the defendant, not even when the plaintiff elect-ed to receive the deposit and release his claim to the land.   For if such had been the object of the statute, it would have requir-ed the defendant to pay the costs of the whole litigation, and not such a portion of them as should be "adjudged just and reasonable."   The design doubtless was to give the court discretion over the matter, so that it could look into the plead-ings and record, and award or refuse costs to the plaintiff accord-ing to the justice of each particular case.   It is strictly anal-ogous to the power vested in courts of equity upon the ques-tion of costs.   And such being the case, the adjustment and apportionment of the costs required the consideration and judgment of a court.   Ordinarily where the law gives the pre-vailing party costs, the taxation of them is a mere ministerial duty, which the clerk can properly perform.   The principle is, to tax the statutory allowance for every proceeding in the suit, and there is no room for the exercise of any discretion upon any point.   Not so here.   Here the matter of adjusting and awarding the amount of costs which a defendant must pay calls into exercise a high judicial faculty, since it is necessary to take into view the circumstances of the particular case, the situation and conduct of the parties, in order to say what is

just and reasonable. We do not think it was the intention of the statute to vest the power of determining these questions in the clerk of the circuit court.

The order of the circuit court is therefore affirmed.